IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY BELL,

    Plaintiff,                  No. CIV S-06-886 FCD KJM P

    vs.

J. MEJIA,                         <u>ORDER AND</u>

    Defendant.          <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that defendant Mejia failed to deliver his legal mail and then rerouted it. The mail included, among other items, a plaintiff profile questionnaire from a law firm. Plaintiff finally received it thirty days after it was first delivered to the prison, after the deadline for returning the questionnaire had passed. As a result, plaintiff lost the firm's representation. Plaintiff complained to Mejia, who retaliated against plaintiff for complaining by searching plaintiff's cell and confiscating his property. Complaint (Compl.) at IV A-C. These events occurred in late 2005 and early 2006. Plaintiff avers that his First Amendment right of access to the courts has been infringed by these actions.

        Both parties have filed motions for summary judgment.

/////

I. <u>Summary Judgment Standards Under Rule 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u> Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party

1 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2 of the suit under the governing law, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248
3 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir.
4 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5 return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433,
6 1436 (9th Cir. 1987).

       In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

       In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See <u>Anderson</u>, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See <u>Matsushita</u>, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

/////

On March 12, 2007, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II. Access To The Courts–Delayed Legal Mail

  A. Facts

In December 2004, plaintiff filed a lawsuit against Merck and Company, the makers of Vioxx. Deposition of Danny Bell (Bell Depo.) at 19:6-7, 10-12[1]; Defendant's Request For Judicial Notice (RFJ), Ex. A (docket of Bell v. Merck & Company, Inc., Civ. No. 04-2473 FCD JFM).[2] Plaintiff described the first delayed letter as a plaintiff profile form from a Sacramento court, relating to a potential parallel suit against Merck in the superior court. Bell Depo. at 20:24-22:5. The second letter was from Timothy J. Ryan and Associates, a firm plaintiff sought to have represent him in the Vioxx personal injury litigation in federal court. Bell Depo. at 24:5-10, 25:2-3. Plaintiff's case against Merck was transferred to the Eastern

---

[1] Defendant has provided portions of plaintiff's deposition, which he claims are certified; these excerpts do not meet the requirements for authenticating portions of depositions. Defendant's Motion For Summary Judgment (DMSJ), Ex. 1; Orr v. Bank of America, NT & SA, 285 F.3d 764, 774 (9th Cir. 2002) (requirements for authenticating a portion of a deposition). The complete deposition lodged by the court is certified, however, so the court relies on it.

[2] The court takes judicial notice of these records. Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ( "[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'"). However, the court does not take judicial notice of the documents attached to plaintiff's motion for summary judgment, consisting of a number of letters addressed to him from the law firm of Herman, Herman, Katz & Cotlar about the progress of the Vioxx litigation, some envelopes addressed to him, and notifications that legal mail should be retrieved at the officer's station. Plaintiff's Motion for Summary Judgment (PMSJ), Exs. A & B. These matters are not proper subjects of judicial notice. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) ("Courts may only take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2)).

District of Louisiana on March 28, 2005 and made part of the Vioxx Products Liability Litigation in that court. RFJ, Exs. B-C; Bell Depo. at 26:9-13. It is still active. Bell Depo. at 27:16-20.

### B. Analysis

An inmate has a constitutionally protected right of meaningful access to the courts and a claim of delay or interference with legal mail may implicate a prisoner's First Amendment right in this regard. Bounds v. Smith, 430 U.S. 817, 820-21 (1977); Simkins v. Bruce, 406 F.3d 1239, 1241 (10th Cir. 2005) (delay in delivery of legal mail caused plaintiff to lose a motion for summary judgment challenging prison conditions). To prevail on such a claim, an inmate must show "actual injury" from the interference; the requisite injury may be shown if the interference hindered an inmate's efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). However,

> [T]he injury requirement is not satisfied by just any type of frustrated legal claim. . . .
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> . . . Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 354-55 (emphasis in original).

In Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1158 (9th Cir. 2003), the plaintiff was injured when his car was hit by another car that had run a red light. He filed a civil action against the other driver but during the pendency of the litigation, plaintiff was arrested and held on a number of charges, including burglary. Plaintiff filed a motion in superior court seeking an order permitting him to attend the civil trial in person; this was denied. Id. at 1159. After this ruling but before the civil trial, plaintiff's civil lawyer withdrew from the case; the ruling denying plaintiff's request to attend the civil trial was not revisited. Id. Because

plaintiff did not appear for the civil trial, the court entered a default judgment for the other driver. Id. Plaintiff then filed a civil rights action in federal court, claiming that the named defendants had acted to deprive him of his right of access to the courts. The Ninth Circuit upheld the district court's dismissal of plaintiff's civil rights action. Relying on Lewis, the Ninth Circuit observed that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim." Id. at 1160.

Accordingly, plaintiff cannot establish actual injury from the delay of his legal mail.

III. Retaliation

    A. Facts

On February 25, 2005, the lights went out in Unit Five AB-2 at Folsom State Prison. DMSJ, Ex. 2, Declaration of R. McGuire (McGuire Decl.) ¶ 2 & Ex. 3, Declaration of E. Mejia (Mejia Decl.) ¶ 2. Officers McGuire and Mejia conducted a search of the cells in the area of the power failure, in an effort to find the cause of the short; plaintiff's was one of the cells searched. McGuire Decl. ¶¶ 3-4; Mejia Decl. ¶¶ 3-4. The officers found staff chits–small tags used by staff to check out equipment–in plaintiff's cell. McGuire Decl. ¶¶ 5-6; Mejia Decl. ¶¶ 5-6. Prisoners may not possess staff chits. McGuire Decl. ¶ 7; Mejia Decl. ¶ 7. The discovery of the chits prompted a thorough search of plaintiff's cell and the removal of some of his property to ensure that it was listed on plaintiff's property card. McGuire Decl. ¶ 8; Mejia Decl. ¶ 8.

    B. Analysis

Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a

/////
/////
/////
/////

6

constitutional violation. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. (footnote omitted).

An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). In Rhodes, the retaliatory actions included the confiscation and destruction of some of the plaintiff's property. Rhodes, 408 F.3d at 568.

Plaintiff has presented no evidence contradicting defendant Mejia's assertion that Mejia had a legitimate correctional goal in searching plaintiff's cell and confiscating his property. Mejia avers he did so in order to ensure that plaintiff's possession of the staff chits had not allowed him to obtain equipment from the institution. Nor has plaintiff presented any evidence contradicting Mejia's implied assertion that the search and confiscation was not undertaken because of plaintiff's complaint about his legal mail. There is no disputed issue of material fact on this issue.

IT IS THEREFORE ORDERED that:

1. Defendant's request for judicial notice (docket no. 32 ) is granted; and

2. Plaintiff's request for judicial notice (included in docket no. 39) is denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (docket no. 39) be denied;

2. Defendant's motion for summary judgment (docket no. 33 ) be granted; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten days after service of the objections.  The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2008.

_____
U.S. MAGISTRATE JUDGE

2

bell0886.57